```
            UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

 KENNETH QUICK,                  :
                                 :
            Petitioner           :
                                 :   CIVIL NO. 1:CV-06-1069
       vs.                       :
                                 :   (Judge Caldwell)
 JAMES L. GRACE, et al.,         :
                                 :
            Respondents.         :
```

M E M O R A N D U M

I.   Introduction

      We are considering the pro se petition of Kenneth Quick, an inmate at SCI-Huntingdon, Huntingdon, Pennsylvania, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Quick's petition contends that Respondents, members of the staff at SCI-Huntingdon, intentionally failed to submit Quick's complete institutional file to the Pennsylvania Board of Probation and Parole for its consideration. Specifically, Quick alleges that Respondents failed to include certificates showing his completion of various institutional rehabilitation programs. As a result, Quick claims that his two parole applications were denied based on incomplete information. Quick seeks an order requiring the Parole Board to conduct an additional review of

his application using "complete, correct & accurate parole & institutional files."[1]

We will deny Quick's petition.

II. Background

Quick was convicted of four counts of involuntary deviate sexual intercourse and was sentenced to twenty to forty years' imprisonment. On February 5, 2005, the minimum expiration date for Quick's sentence expired. Quick's maximum sentence will expire on February 5, 2025.

Quick applied for, and was denied, parole in December 2004 and December 2005. In Quick's first parole application, the Parole Board interviewed Quick, reviewed his file, and concluded that it was not in Quick's or the Commonwealth of Pennsylvania's best interest to grant parole. (doc. 12, ex. A). The Parole Board's Notice of its decision read:

> The reasons for the Board's decision include the following:

---

[1] The named Respondents are officials at SCI-Huntingdon, not members of the Pennsylvania Board of Probation and Parole. The petition, however, seeks an order requiring the Parole Board to review Petitioner's application because its prior decisions were allegedly based on inaccurate and incomplete information. (doc. 12, pp. 4, 5). As a result, we will consider Petitioner's substantive due process and equal protection claims in the context of the Parole Board's decisions to deny parole.

> Your version of the nature and circumstances of the offense(s) committed.
>
> The recommendation made by the Department of Corrections.
>
> Your need to participate in and complete additional institutional programs.
>
> Your interview with the hearing examiner and/or Board Member. *Id*.

The Notice also detailed items that the Board would consider upon Quick's second parole application:

> The Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for: Sex Offenders - Phase II.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' Prescriptive Program(s). *Id*.

Approximately one year later in December 2005, the Parole Board denied Quick's second parole application. This time, the Parole Board's Notice read:

> The reasons for the Board's decision include the following:
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.

-3-

> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments concerning your mental and behavior condition and history that reflects ongoing risk to the community.
>
> Your need to participate in and complete additional institutional programs.
>
> Your interview with the hearing examiner and/or Board Member. (doc. 12, ex. B).

Again, the Board's Notice listed the following as items it would consider upon Quick's third application for parole:

> Whether you have successfully completed a treatment program For:--Sex Offenders.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' Prescriptive Program(s). *Id*.

Quick has presented Certificates of Achievement for various rehabilitation programs to support his claim that Respondents intentionally submitted an incomplete file for review by the Parole Board. (doc. 12, ex. C-G). Quick alleges that as a result of Respondents' intentional failure to include these documents in his file, the Parole Board denied his parole applications. (doc. 1, p. 4). Quick argues that the references to rehabilitation programs in the Parole Board's denial letters show that he was denied parole because of Respondents' failure

-4-

to include the Certificates of Achievement.  (doc. 12, p. 4). Thus, according to Quick, the Parole Board's decisions to deny parole, based on incomplete and inaccurate information, violated his right under Fourteenth Amendment to substantive due process and equal protection.

III.  Discussion

    A.  Exhaustion

Respondents' brief in support of their answer (doc. 11) notes that while Quick filed an application for administrative relief following the second denial of parole, Quick did not seek review of the Parole Board's decisions in the Pennsylvania Commonwealth Court.  (doc. 11, p. 3).  Respondents are apparently arguing that Quick failed to exhaust each avenue of state review prior to filing his federal habeas petition.

State prisoners must exhaust every opportunity for state review of their claims before filing a petition for writ of habeas corpus in the federal courts.  28 U.S.C. § 2254(b)(1)(A).  A prisoner has not exhausted every opportunity for state review "if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c).  Aside from a challenge to a parole decision premised upon the Ex Post Facto Clause, however, Pennsylvania

-5-

courts have not recognized writ of mandamus or direct appeal as possible avenues of relief for constitutional claims concerning parole denials. *See DeFoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2001). Accordingly, there were no potential state court remedies that Quick could have exhausted prior to filing this federal habeas petition. Therefore, we will address the merits of Quick's petition.

    B.   <u>Quick's Due Process Claim</u>

Quick's habeas petition claims that the Parole Board's decisions were based on incomplete and inaccurate information from Quick's parole file and, therefore, violated his substantive due process and equal protection rights. Although Quick does not identify the particular due process protections violated by the Parole Board's actions, we will construe Quick's claim to allege that the Parole Board acted arbitrarily and capriciously in denying his parole applications.

We reject the claim that the purported reliance on inaccurate information in Quick's parole applications violated his Fourteenth Amendment substantive due process rights. To begin with, a prisoner has no constitutionally created liberty interest in the expectation of parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Pennsylvania's parole statute also does not

create a constitutionally protected liberty interest in parole. *Rodgers v. Parole Agent SCI-Frackville*, 916 F. Supp. 474, 476-77 (E.D.Pa. 1996). Instead, in Pennsylvania, parole is "a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." *Watkins v. Shannon*, No. 3 CV-06-1028, 2006 WL 2950478, at *2 (M.D.Pa. Oct. 16, 2006) (Kosik, J.) (quoting *Rogers v. Pa. Bd. of Prob. and Parole*, 724 A.2d 319, 322-23 (Pa. 1999)).

We recognize that the Third Circuit has held that denial of parole may violate a prisoner's substantive due process rights, despite the absence of a liberty interest. *Burkett v. Love*, 89 F.3d 135, 139-40 (3d Cir. 1996); *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). This may occur if the parole board uses arbitrary or constitutionally impermissible criteria as the basis for its denial. *Block*, 631 F.2d at 236 n.2. Such criteria include: race, religion, political beliefs, or other "frivolous criteria with no rational relationship to the purposes of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." *Id.* But when a parole board's decision is not based on constitutionally impermissible criteria, the Due Process Clause does not allow

judicial second-guessing of parole boards. *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001). Instead, substantive due process merely requires "some basis for the challenged decision." *Id*.

There is some support in the case law for Petitioner's due-process claim. *See Jubilee v. Horn*, 975 F. Supp. 761, 764 (E.D. Pa. 1997)(recognizing substantive due process claim against parole board in part for consideration of inaccurate information in denying parole). However, we reject Quick's claim. In Pennsylvania, the Parole Board has exclusive power to grant parole and is charged with considering a number of factors. 61 P.S. § 331.19 provides, in relevant part:

> It shall be the duty of the board . . . to consider the nature and circumstances of the offense committed, any recommendations made by the trial judge and prosecuting attorney, the general character and background of the prisoner . . . . The board shall further consider the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for whichسnسtence was imposed as may be available. The board shall further cause the conduct of the person while in prison and his physical, mental and behavior condition and history, his history of family violence and his complete criminal record, as far as the same may be known, to be reported and investigated.

An examination of the Parole Board's denials reveals adequate bases independent of the alleged incomplete record for both decisions. The Parole Board's first denial cited the

following: (1) Quick's own version of the nature and circumstances of the crimes; (2) the recommendation of the Department of Corrections; (3) Quick's need to complete additional rehabilitation programs; and (4) Quick's interview with the Parole Board.  (doc. 12, ex. A).  The second denial cited the following: (1) Quick's "minimization/denial" of the nature and circumstances of the crime; (2) Quick's refusal to accept responsibility for his crimes; (3) Quick's lack of remorse; (4) a negative recommendation from the Department of Corrections; (5) psychological and behavioral reports indicating a continued risk to the community; (6) a need to participate in institutional programs; and (7) Quick's interview with prison officials.  *Id.* at ex. B.

Quick's need to participate in rehabilitation programs was only one of many factors cited.  In these circumstances, the Parole Board's alleged reliance on Quick's failure to complete rehabilitation programs does not state a due process claim since the other reasons cited are adequate to justify the Parole Board's decisions.[2]

---

[2] We reject Petitioner's argument (doc. 12, p. 4) that his plea of guilty means he accepted responsibility or that the parole Board could not have concluded that he minimized the nature and circumstances of his crimes.

In *Ross v. Bushey*, No. Civ. A 99-1391, 1999 WL 695588, (E.D. Pa. Sept. 8, 1999), the court confronted a similar situation. In that case, the Parole Board's denial misstated certain facts about the inmate. Contrary to the denial, the inmate had no record of substance abuse and his overall institutional adjustment was good. *Id.* at *1. The court rejected a substantive due process claim based on the Parole Board's consideration of this erroneous information because the Board had the authority to consider other factors, and these other factors were valid reasons to deny parole. *Id.* at *5-6.

Therefore, because the Parole Board had sufficient grounds to deny parole, even if the record did not include Petitioner's program achievements, we conclude that his substantive due process rights were not violated.

C.  The Equal Protection Claim

Quick's other contention is that the Parole Board's reliance on inaccurate information in his parole application violated his equal protection rights. An equal protection claim "arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated." *Kuhar v. Greensburg-Sale School Dist.*, 616 F.2d 676, 677 n.1 (3d Cir. 1980). Quick, however, has not

alleged that he was treated differently than other similarly situated inmates at SCI-Huntingdon.  Additionally, as another Third Circuit district court explained in rejecting a similar equal protection claim: "[N]o two prisoners, being different human beings, will possess identical backgrounds and characters.  Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics."  *Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D.Pa. 1982), *aff'd* 696 F.2d 985 (3d Cir. 1982).  Here, the Parole Board's decisions to deny parole for Quick were made on an individualized basis after consideration of a number of factors.  Therefore, Quick's equal protection claim must fail.

IV.     Conclusion

We will deny the petition.  We will also deny a certificate of appealability, based on the above analysis.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him

-11-

from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: November 27, 2006

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH QUICK, :
:
    Petitioner :
: CIVIL NO. 1:CV-06-1069
    vs. :
: (Judge Caldwell)
JAMES L. GRACE, *et al.*, :
:
    Respondents. :

## O R D E R

AND NOW, this 27th day of November, 2006, it is ordered that:

    1. The petition (doc. 1) for writ of habeas corpus is denied.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge