```
           UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

 KENNETH QUICK,                   :
                                  :
           Petitioner             :
                                  :    CIVIL NO. 1:CV-06-1069
      vs.                         :
                                  :    (Judge Caldwell)
 JAMES L. GRACE, et al.,          :
                                  :
           Respondents.           :
```

M E M O R A N D U M

Petitioner Kenneth Quick has filed a motion for reconsideration of an Order dismissing his petition for writ of habeas corpus.[1]  We will deny the motion.

Quick was convicted of four counts of involuntary deviate sexual intercourse and was sentenced to twenty to forty years' imprisonment.  The Parole Board denied Quick's parole applications in 2004 and 2005.  In May, 2006, Quick filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking another review of his parole application.  Quick claimed that prison officials at SCI-Huntingdon violated his constitutional rights by intentionally failing to include

---

[1] Quick's motion does not specify the applicable federal rule supporting his motion.  When a party files a motion for reconsideration without identifying the relevant federal rule, a court will treat it as a Rule 59(e) motion to alter or amend a judgment.  *Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000).

various documents, including certificates of completion of prison rehabilitation programs, in his parole file.  As a result of the incomplete file, according to Quick, the Parole Board denied his parole applications.  We dismissed Quick's habeas petition, rejecting his claims and finding that his participation in rehabilitation programs was one of many factors cited by the Parole Board in denying his parole applications.

Quick's motion for reconsideration presents two claims challenging the Parole Board's denials.  First, Quick argues that the Parole Board's stated reasons for denying his applications do not match the statutory criteria governing parole application review.  For example, Quick argues that his "version of the crimes is not listed on the parole release criteria as a reason to refuse parole release."  (doc. 14, p. 2).[2]  Second, Quick argues that a letter from a Parole Board official (doc. 12, ex. H) shows that he was not a sexual predator and, therefore, contradicts the Parole Board's conclusion that he represents an ongoing risk to the community.

Motions for reconsideration are granted sparingly "[b]ecause federal courts have a strong interest in finality of

---

[2] Other reasons included in the Parole Board's denials which Quick claims are not part of the statutory criteria include:  (1) Quick's interview with Cindy Johnson, a parole board member; (2) Quick's refusal to show remorse for his crime; and (3) a recommendation by the Department of Corrections.

-2-

judgments." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The party seeking reconsideration must show at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*. A motion for reconsideration may not be used to reargue matters already presented or raise new arguments that could have been raised prior to the entry of judgment. *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002) (citations omitted) (McClure, J.); *Piotrowski v. Federman & Phelan, LLP*, No. 1:05-CV-1455, 2005 U.S. Dist. LEXIS 39999, at *4 (M.D. Pa. Dec. 21, 2005) (Rambo, J.).

Quick's motion fails to present any grounds requiring reconsideration of the Order dismissing his petition for writ of habeas corpus. Quick has not alleged a change in the applicable law, the availability of new evidence, a clear error of law or fact, or a need to prevent manifest injustice. Instead, Quick's first claim, that the reasons contained in the Parole Board's decision letters do not match the criteria identified in 61 P.S.

§ 331.19,[3] could have been raised in his § 2254 petition. Therefore, Quick cannot raise it for the first time in a motion for reconsideration.[4]

Quick's second claim challenges one of the bases supporting the Board's second parole denial, but fails to present a clear error of law or fact requiring reconsideration. Quick claims that Document 12, Exhibit H shows that the Board must have relied on incomplete or inaccurate information in

---

[3] 61 P.S. § 331.19 provides, in relevant part:

> It shall be the duty of the board . . . to consider the nature and circumstances of the offense committed, any recommendations made by the trial judge and prosecuting attorney, the general character and background of the prisoner . . . . The board shall further consider the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available. The board shall further cause the conduct of the person while in prison and his physical, mental and behavior condition and history, his history of family violence and his complete criminal record, as far as the same may be known, to be reported and investigated.

[4] Even if properly presented, Quick's argument lacks merit. The Parole Board's decision letters (doc. 12, ex. A, B) detail the bases for its conclusion that Quick did not merit parole, a decision that the Parole Board has complete discretion to make. *See* 61 P.S. § 331.21; *Richardson v. Pennsylvania Bd. of Probation and Parole*, 423 F.3d 282, 285 (3d Cir. 2005). While the reasons stated in the decision letters are not a verbatim recitation of 61 P.S. § 331.19, they reflect the Parole Board's consideration of the factors enumerated in § 331.19 and its discretion in deciding whether parole is in the best interests of the inmate and the Commonwealth. *See* Doc. 10, ex. 2, p. 3.

denying parole.  Exhibit H, a letter from the Parole Board Secretary to the Executive Director of the Sexual Offenders Assessment Board, asked for an assessment of Quick in connection with his parole application.  In the letter, the Parole Board Secretary explained that the assessment should not address whether Quick was a Sexually Violent Predator, as that assessment is a separate procedure used by the courts.  Quick makes two conclusions from the Parole Board Secretary's statement.  First, that the Parole Board did not consider Quick a Sexually Violent Predator and, therefore, he could not be a risk to the community if released.  Second, that by denying parole and citing the risk Quick would present to the community, the Parole Board must have relied on inaccurate or incorrect information inserted into his file by prison officials.  (doc. 12, pp. 4-5).

We reject both of the conclusions Quick appears to draw from Exhibit H.  First, as noted in our prior Order, absent evidence that a parole board's decision was based on constitutionally impermissible criteria, we are not permitted to engage in judicial second-guessing of a parole decision as long as there is some basis for the decision.  Doc. 13, p. 7; *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).  Second, Exhibit H is merely a request from a Parole Board official for a

professional assessment of Quick, not an indication that the Parole Board had concluded that Quick would not be a threat to the community if released.  Based on this, it is also erroneous to conclude that the Board must have relied on inaccurate information in determining that Quick did not merit parole. Exhibit H does not contain any indication of either the Parole Board's or the Sexual Offenders Assessment Board's conclusions regarding Quick's risk to the community if granted parole.

An appropriate order will be entered.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 13, 2006

```
                UNITED STATES DISTRICT COURT FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


   KENNETH QUICK,                    :
                                     :
         Petitioner                  :
                                     :   CIVIL NO. 1:CV-06-1069
         vs.                         :
                                     :   (Judge Caldwell)
   JAMES L. GRACE, et al.,           :
                                     :
         Respondents.                :
```

O R D E R

AND NOW, this 13th day of December, 2006, upon consideration of Petitioner's motion for reconsideration (doc. 14), and based on the accompanying memorandum, it is ordered that:

    1. Petitioner's motion for reconsideration of the Court's November 27, 2006 Order is denied.

    2. The Clerk of Court shall close this file.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge